IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RANDY DILLON,

    Petitioner,

    v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-117
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's *Motion to Dismiss or, Alternatively to Transfer this Action to the Sixth Circuit* (ECF No. 3), Petitioner's *Response* (ECF No. 6) and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's motion to transfer (ECF No. 3) be **GRANTED** and that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**Facts and Procedural History**

Petitioner challenges his April 2008 convictions after a jury trial in the Muskingum County Court of Common Pleas on attempted murder, rape of a minor, burglary, and kidnapping. Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to obtain an expert on DNA evidence (claim one); failed to "develop alternate perpetrators of the crimes, or effectively cross examine Randy Rowell and Tonya Alexander (claim two); failed to call Petitioner as a witness to establish an alibi defense (claim three); and failed to evaluate or challenge the prosecution's case (claim four).

However, this is not Petitioner's first federal habeas corpus petition.  On July 16, 2010, he filed his first § 2254 petition in this Court.  *See Dillon v. Warden, Ross Correctional Institution*, No. 2:10-cv-638, 2012 WL 1123525 (S.D. Ohio April 3, 2012).  In that action, he asserted that the trial court deprived him of his right to raise a defense through certain evidentiary rulings; he was denied the effective assistance of appellate counsel; the evidence was constitutionally insufficient to sustain his convictions; and the trial court's failure to instruct the jury on a lesser included offense (gross sexual imposition) violated his due process rights.  On April 3, 2012, this Court dismissed the claims as procedurally defaulted or without merit.  *Id*.  On October 22, 2013, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court.  *Dillon v. Warden, Ross Corr. Inst*., 541 F. App'x 599 (6th Cir. 2013).  Therefore, this action plainly constitutes a successive petition.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court lacks jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive petition.  28 U.S.C. § 2244(b); *Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997).  Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).  "[W]hen a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision 'on the merits.'  In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application."  *Smith v. Warden, Lebanon Corr. Inst*, No. 1:16-cv-998, 2016 WL

6790800, at *2 (S.D. Ohio Oct. 27, 2016) (citing *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States*, 150 F.3d 202, 205-06 (2d Cir. 1998)).

Petitioner states that he did not learn about the factual basis for his claims until he was no longer represented by counsel, and began to conduct his own research. *Petition* (ECF No. 1, PageID# 15.) Petitioner argues that this action does not constitute a successive petition, because he could not have earlier raised his claims regarding the denial of the effective assistance of trial counsel, due to his *pro se* incarcerated status and prior reliance on counsel. *See Response* (ECF No. 6.) Nonetheless, this action remains a successive petition. As discussed, this Court lacks jurisdiction to consider new claims raised in a successive or second habeas corpus petition absent preauthorization from the relevant Court of Appeals. *See Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (*per curiam*)).

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's motion to transfer (ECF No. 3) be **GRANTED** and that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

Dated:  June 2, 2017